# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JACINTA NELSON, ] | |
|     **Plaintiff** ] | |
| ] | |
| Vs. ] | NO: 3:10-cv-0764 |
| ] | JUDGE NIXON |
| ] | MAGISTRATE BRYANT |
| ] | JURY DEMANDED |
| | |
| DARIUS WILLIS, ] | |
| TENNESSEE DEPARTMENT OF ] | |
| HUMAN SERVICES ] | |
|     **Defendants** ] | |

## INITIAL CASE MANAGEMENT ORDER

In accordance with the provisions of Local Rule 16.01, Plaintiff submits this Initial Case Management Order.

1    ***Jurisdiction:***  Jurisdiction is undisputed. Comes the plaintiff, through counsel, and would file this complaint for violation of the plaintiff's civil rights under 42 U.S.C. 1983 for the civil assault committed by Darius Willis against the plaintiff while employed by the defendant State of Tennessee. Jurisdiction is conferred to this Court under 28 U.S.C. 1343 and 28 U.S.C. 1331.

2    ***Discovery:***  Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule (a)(2) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until the parties have conferred in good faith and, unable to

resolve their differences, have scheduled and participated in a conference telephone call with Judge Bryant.

3. ***Plaintiff's Theories Are As Follows***: The plaintiff Jacinta Nelson and her children are recipients of TennCare. On August 20, 2009, the plaintiff made an appointment with the Department of Human Services at their office at Vanderbilt University Medical Center to correct an error with her child's birthdate, which jeopardized his TennCare coverage. The plaintiff met with the defendant Darius Willis, who was employed as a case worker for the Department of Human Services, assigned to the department's VUMC office. After the plaintiff arrived, the defendant Willis closed the door, forced the plaintiff up against a wall and raped and sexually assaulted the plaintiff. The defendant later admitted to the assault in a telephone call to the plaintiff, recorded by the police. The defendant was fired, arrested, and faces criminal rape charges. The plaintiff brings this claim against the defendant Willis for criminal assault and battery, while acting under color of law. The defendant used his position of power and authority, to assault the plaintiff, violating her civil rights under 42 U.S.C. 1983. The plaintiff also sues the defendant Willis for common law assault and battery. The defendant State of Tennessee Department of Human Services is named under respondeat superior, master/servant, and for negligent hiring and supervision, both under common law and in violation her civil rights under 42 U.S.C. 1983. The plaintiff seeks compensatory and punitive damages in an amount to be proven at trial.

4 ***Defendants' Theories Are As Follows***: Defendant Willis has not filed an answer to the complaint. He apparently will appear pro se. The defendant Tennessee Department of Human Services has filed a Rule 12 motion to dismiss, alleging that DHS is not a "person" that can be

sued under Sec. 1983, and a damages case against DHS in federal court would be barred by the state's sovereign immunity recognized by the Eleventh Amendment.  (additional theories here)

5. ***Identification of the Issues***: The parties have resolved none of the issues in this action. The unresolved issues are the Defendants DHS motion to dismiss under Rule 12(b)(6, Fed. R. Civ. Pro., and the defendant Willis' answer. It is anticipated that Willis will assert his 5th amendment privilege against self-incrimination during these proceedings pending his criminal trial. He may seek to stay these proceedings pending his criminal trial. His criminal trial has not been set.

6 ***Additional Pleadings***: Plaintiff anticipates filing a response to the defendant DHS motion to dismiss, with leave to amend her pleadings. The defendant Darrius Willis has not filed a response. The plaintiff has filed a motion for summary judgment against the defendant Willis. The plaintiff does anticipate the need for additional pleadings and the need for resolution of issues arising under Fed. R. Civ. P. 13-15, 17-21 or 23.

7 ***Initial Disclosures and Staging of Discovery***: Each party shall serve on every other party the mandatory initial disclosures required of it by Fed. R. Civ. P. 26(a)(1) within seven days from the date of entry of this order.

8 ***Pre-Trial Conference***: The date for the pre-trial conference shall be:
 **August 12, 2011, at 10:00 a.m., before Senior Judge Nixon**                                                    .

9 ***Estimated Length of Trial:*** The estimated length of trial is two days.

10 ***Disclosure of Experts***: The deadline for disclosure of experts shall be: February 1, 2011. The plaintiff does not see the need for experts.

11 ***Completion of Discovery***: The deadline for the completion of discovery shall be: March 1, 2011.

12      ***Deadline for Dispositive Motions***: The deadline for all dispositive motions shall be April 1, 2011.

13      ***Deadline for Responses to Dispositive Motions***: The deadline for responses to dispositive motions shall be May 1, 2011. Optional replies shall be due: May 15, 2011.

14      ***Alternate Dispute Resolution***: Unless the defendant DHS remains in this case, the plaintiff does not believe alternate dispute resolution would be appropriate in this action.

15      ***Trial Date***: The case is set for trial on: **August 23, 2011, at 9:00 a.m.** Judge Nixon will issue a separate order setting forth his requirements for both the trial and pretrial conference.

        It is so ORDERED.

*s/ John S. Bryant*
Honorable John S. Bryant
Magistrate Judge

Approved for Entry:

/s/ Pamela Hayden Wood
Pamela Hayden Woods (BPR # 13820)
Attorney for Defendant DHS
Office of Attorney General
Civil Division
PO Box 2027
Nashville, TN 37202
615-741-7908
pamela.hayden-wood@ag.tn.gov


/s/David B. Lyons
David B. Lyons
Attorney for Plaintiff
1201 A Seventh Avenue North
Nashville, TN 37208
(615) 291-5404
(615)291-5403
lyonslaw@comcast.net